ELM CITY LUMBER COMPANY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 15 March, 1916.)

**Carriers of Goods — Bills of Lading — Inspection — Rejection of Shipment — Damages.**

Where a bill of lading for a car-load shipment of hay contains a clause prohibiting its inspection unless provided for by law or permission is indorsed on the bill of lading, and there is evidence that the consignee inspected the hay and rejected it for inferiority to that purchased, without evidence that the carrier knew of or permitted the inspection: *Held,* a verdict denying recovery against the carrier will not be disturbed on appeal. In this case *semble,* a circular-letter from the consignor authorizing inspection was sufficient to permit the consignees to do so, and relieve the carrier from liability.

APPEAL by plaintiff from *Bond, J.,* at October Term, 1915, of CRAVEN.

Civil action tried upon these issues:

1. Did the defendant railroad wrongfully allow inspection of the car of hay at Bennettsville, S. C., by consignee MacLean & Croom? Answer: "No."

2. Did defendant wrongfully allow inspection of the car of hay at Robersonville, N. C., by consignee R. L. Smith & Co.? Answer: "No."

3. Would MacLean & Croom, consignees, have paid the draft and taken the hay shipped to them at Bennettsville, S. C., without inspection? Answer: "No."

4. Would R. L. Smith & Co., consignees, have paid the draft and taken the hay consigned to them at Robersonville, N. C., without inspection? Answer: "No."

5. What damage, if anything, is plaintiff entitled to recover of the defendant? Answer: "Nothing."

From the judgment rendered, plaintiff appealed.

*E. M. Green, R. A. Nunn for plaintiff.*
*Moore & Dunn for defendant.*

BROWN, J. The plaintiffs shipped two car-loads of hay by defendant, one to MacLean & Croom, Bennettsville, S. C., and the other to R. L. Smith & Co., Robersonville, N. C., under bills of lading containing this clause: "Inspection of property covered by the bill of lading will not be permitted unless provided by law or unless permission is indorsed on the original bill of lading or given in writing by the shipper."

The plaintiff sues to recover damages for a breach of this stipulation by defendant.

1. As to the shipment to Bennettsville. The court might well have instructed the jury upon plaintiff's evidence to answer the issues as they did, as no evidence was offered by defendant. The plaintiff introduced J. A. MacLean, of the firm of MacLean & Croom, who testified that he inspected the hay, and that it was not timothy hay, the kind contracted for, but orchard grass; that he inspected it by authority of plaintiff, who sent witness a circular-letter dated 9 February, making a price on hay with leave for inspection. This letter is in evidence and contains the words: "We guarantee our grade and weight, and bill all cars inspection permitted."

2. As to the Robersonville shipment. A. S. Robinson testified for plaintiff that the shipment of hay to R. L. Smith was for their joint account; that the contract called for No. 1 timothy hay; that he inspected this hay without authority of the defendant, but at Smith's request; that it was not timothy hay, but prairie grass. There is no evidence whatever that defendant's agent authorized Robinson to enter

the car and make inspection, or that defendant was guilty of any negligence in failing to prevent it.

The general circular-letter in evidence and issued by plaintiff to all its customers might well permit inspection at Robersonville, as well as at Bennettsville; but it is not necessary to rest the case on that ground.

No error.